By the Court.
Section 1259-1, General Code, as amended May 27, 1915 (106 O. L., 461), provides that interest and sinking fund levies on account of bonds issued under Section 1259, General Code, after June 1, 1915, in compliance with the orders of the state board of health issued and approved prior to June 1, 1915, shall be exempt from all the limitations on tax levies provided by Sections 5649-2 and 5649-3a, General Code; and that such levies shall also be exempt from the limitations provided by Section 5649-5&, General Code, if the question of making such additional levy shall be submitted to the electors of the municipality issuing, or proceeding to issue, such bonds in the manner provided in Sections 5649-5 and 5649-5a, General Code, and the same is approved by a majority of the electors voting on such question.
*56 The only question presented concerns the validity of this statute. The objection urged against it is that it is limited in its effect to bonds issued after June 1, 1915, in compliance with the orders of the state board of health issued and approved prior to June 1, 1915.
It is insisted that by this limitation the act violates the constitutional requirement of uniformity of operation. It would not be denied that the original statute, of which this is an amendment, was one of a general nature. It relates to the public health, and the provisions with reference to the duties of the state board of health apply throughout the state.
The authorities agree that a statute is general and uniform if it operates equally upon every person and locality within the circumstances covered by the act, and when a classification has a reasonable basis it is not invalid merely because it is not made with exactness. It is not necessary that the law should operate in every locality. It is sufficient if it operates equally in every locality where the conditions concerning which the legislation was enacted exist. It must be kept in mind that the legislation concerned the public health. There is nothing in the limitation contained in the amendment which confines its operation to any particular locality or localities, and nothing appears in the statute or the pleadings from which the inference can be drawn that it was intended to be so confined.
By the provisions of the law, the state board is entitled to issue mandatory orders requiring certain *57 things to be done to prevent the spread of disease. The legislature will be presumed to have had this situation in mind when it passed the amendment, and to have had any essential facts before it which made it advisable to insert the limitation which it did. .
Where any doubt exists with reference to a method of classification by the legislature, the doubt must be resolved in favor of the legislation, if questioned. As stated by Cooley in his Constitutional Limitations (7 ed.), 257: “If evidence was required, it must be supposed that it was before the legislature when the act was passed; and if any special finding was required to warrant the passage of the particular act, it would seem that the passage of the act itself might be held equivalent to such finding.”
We have no disposition to relax in any degree the application of the principles declared by this court touching the enforcement of the constitutional requirement of uniformity in the operation of legislation, but there is not sufficient in the terms of this act to enable the court to say that it was the intention of the legislature to confine its operation to any particular locality or municipality and it is not alleged or shown that in fact or law it has such result.
The judgments will be affirmed.

Judgments affirmed.

Nichols, C. J., Johnson, Donahue, Newman, Jones and Matthias, JJ., concur.